UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURRELL A. GAITHER, CDCR #BF-2813, <br><br>                                Plaintiff,<br><br> v.<br><br><br> S. WILLIAMS, A. GEORGE, SMITH, S. AMADOR,<br><br>                                Defendants. | Case No.: 3:24-cv-1089-AJB-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND;**<br><br>**(2) DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)** |

## I.     INTRODUCTION

Plaintiff Burrell Gaither ("Plaintiff" or "Gaither"), a state inmate proceeding *pro se*, has filed a civil action pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. In his Complaint, Plaintiff alleges that while he was confined at R.J. Donovan Correctional Facility (RJD), Defendants violated his constitutional rights by sending him to administrative segregation based on "falsified

documents." ECF No. 1 at 3. For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint for failure to state a claim.

## II.  MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff has provided a copy of his trust account statement and prison certificate authorized by an accounting officer. *See* ECF No. 7. During the six months prior to filing suit, Plaintiff had an average monthly balance of $86.79, average monthly deposits of $167.73, and an available account balance of $3.10 at the time

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

he filed suit. *Id*. at 6. Accordingly, Plaintiff's IFP motion is **GRANTED**, and the Court assesses no partial filing fee. Plaintiff remains obligated to pay the $350.00 fee in monthly installments even if this action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1) & (2).

### III.   SCREENING

#### A.   Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And while detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of the plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). To establish liability under section 1983, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v.*

1  *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## B.    Plaintiff's Allegations

Gaither alleges that on February 28, 2022, Defendants Williams, George, Smith and Amador, all staff at RJD, "lied" and printed a "false document" which indicated Gaither had informed staff he had safety concerns on "all the yards at RJD." ECF No. 1 at 3. Gaither was told that, as a result, he was going to be moved to "C Yard." Plaintiff initially refused to go and told Defendants they would have to extract him from his cell. *Id.* Defendants then tried to "bribe" him into moving voluntarily by offering him non-disciplinary segregation and a special transfer to California State Prison at Los Angeles County ("LAC"), which Plaintiff had previously been denied. *Id.* Defendants also had inmates Plaintiff knew "talk to [him]" and urge him to go to segregation. *Id.* Ultimately Gaither complied and was taken to the administrative segregation unit ("ASU"). Once there, Plaintiff read his "lock up order" and realized it was "all lies." *Id.* He claims Defendants "falsified" his lock up order and if "anyone" found out what was in it, he would be in danger from other inmates. *Id.* As a result of being put "in harm's way," Gaither states he has lost weight and experienced trauma. *Id.* He seeks monetary damages and an injunction requiring Defendants be disciplined. *Id.* at 4.

## C.    Discussion

Plaintiff raises only one claim against Defendants. He does not identify the specific constitutional violation and instead alleges his transfer was based on "'falsified documents' [and]. . . violated [his] constitutional rights and all [his] amendment rights." *Id.* at 3.

First, Plaintiff has failed to identify the specific legal basis for his § 1983 claim. Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court must construe a pro se plaintiff's pleadings liberally, the plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant "fair notice of what the plaintiff's claim is and the grounds upon

which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *see also Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). If a plaintiff fails to set forth allegations sufficient to provide defendants with such notice, the complaint fails to comply with Rule 8 and must be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996). Here, Gaither's claim of "falsified documents" is insufficient to provide Defendants with notice of the legal basis for his claim. Therefore, the Complaint is dismissed for failure to comply with Rule 8. *See* Fed. R. Civ. P. 8(a)(2).

Moreover, even if the Court were to liberally construe Plaintiff's claim that he was confined to ASU based on falsified documents as an alleged due process violation, as currently pleaded, he would not be entitled to relief. The Supreme Court has held prisoners have no constitutional right or interest independently protected by the Due Process Clause to be free from discipline or placement in administrative segregation. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Allegations by a prisoner that he was denied due process in connection with a decision to place him in administrative segregation present a constitutionally cognizable claim only if: (1) prison officials are narrowly restricted by state statutes or regulations to impose the specific deprivation at play, and (2) the liberty in question is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477–87 (1995).

A liberty interest of "real substance" generally will be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or (2) state action that "will inevitably affect the duration of [a] sentence." *Id*. at 484, 487; *see also Resnick v. Hayes*, 213 F.3d 443, 448–49 (9th Cir. 2000) (holding plaintiff failed to state a cognizable due process claim, because plaintiff's complaint failed to allege facts showing placement and retention in the secured housing unit were not "'within the range of confinement to be normally expected' by prison inmates 'in relation to the ordinary incidents of prison life'").

Here, Gaither does not allege that the duration of his sentence was affected. He also fails to specify how long he was held in administrative segregation. *See Serrano v. Francis*,

345 F.3d 1071, 1078 (9th Cir. 2003) (concluding placement in segregated housing in and of itself does not implicate a protected liberty interest); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (stating mere placement in administrative segregation not enough to state due process claim after *Sandin*); *see e.g., Sandin*, 515 U.S. at 485–86 (inmate's thirty-day placement in disciplinary segregation, where conditions mirrored conditions in administrative segregation, not a deprivation of "real substance"); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (finding now liberty interest under *Sandin* when inmate was placed in disciplinary segregation for fourteen days); *cf. Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (finding indefinite placement in a "supermax" facility, where inmates are not eligible for parole consideration, imposes an "atypical and significant hardship within the correctional context"). Without more, Gaither's placement in administrative segregation, even if based on "falsified documents," does not establish a deprivation of "real substance" under *Sandin*.[2] *See Sandin*, 515 U.S. at 477–87. Therefore, even if Plaintiff had alleged a due process violation, he would fail to state a claim. *See Iqbal*, 556 U.S. at 678

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also* Fed. R. Civ. P. 8(a)(2).

**D.   Leave to Amend**

Given Plaintiff's pro se status the Court **GRANTS** him leave to amend. *See Rosati*

---

[2] The Court further notes that inmates do not have a due process right to be free from false disciplinary charges. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (stating inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *Scally v. Velasquez*, No. 22-CV-0140-JLS-MDD, 2022 WL 1608562, at *3 (S.D. Cal. May 20, 2022) (stating there is no due process right to be free from false accusations or false reports by prison officials); *Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.").

*v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Plaintiff's the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5. **GRANTS** Plaintiff **sixty (60) days** leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Specifically, Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co.,*

*Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  July 12, 2024

Hon. Anthony J. Battaglia
United States District Judge