UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURRELL A. GAITHER,<br><br>                              Plaintiff,<br><br>v.<br><br>S. WILLIAMS, A. GEORGE, SMITH, S. AMADOR,<br><br>                              Defendants. | Case No.:  24-cv-01089-AJB-DDL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is a letter filed by Burrell A. Gaither ("Plaintiff"). (Doc. No. 13.) As Plaintiff is proceeding *pro se*, the Court construes the filing as a motion for reconsideration. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

**I.   BACKGROUND**

On June 21, 2024, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1; 2.) On July 12, 2024, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). (Doc. No. 10.) Plaintiff was granted

leave to amend by September 10, 2024, and specifically instructed that if he failed to file a First Amended Complaint within the time provided the Court would enter a final Order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. (*Id*. at 7–8 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").)

On January 22, 2025, in the absence of any subsequent filings, the Court dismissed the instant action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and for failure to prosecute. (Doc. No. 11.) Thirty-six days after judgment was entered and the case was closed, Plaintiff filed the instant motion. (Doc. No. 13.)

## II.    LEGAL STANDARD

Where a court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Federal Rule of Civil Procedure ("Rule") 59(e) (motion to alter or amend judgment) or 60(b) (motion for relief from judgment). *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If a motion for reconsideration is filed more than 28 days after entry of judgment, then "it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Rule 60(b) provides for relief from a district court's final judgment on six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

> prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)).

"A court's power to vacate judgments under Rule 60(b) in order 'to accomplish justice' is balanced against 'the strong public interest in the timeliness and finality of judgments.'" *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009)). "[T]his Rule is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Harvest*, 531 F.3d at 749 (quoting *Latshaw*, 452 F.3d at 1103). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)

## III.  DISCUSSION

Plaintiff informs the Court that he "was not able to keep up with any legal work" because CDCR lost his property, he has learning disabilities that make understanding legal documents difficult, and he was sent to "the hole" from September 9, 2024, through November 22, 2024,[1] which restricted his access to the law library for the purpose of making copies. (Doc. No. 13 at 1–2.) Plaintiff does not provide a First Amended Complaint with his filing. (*See generally id.*)

Although the Court understands Plaintiff's reasons, none of them—even taken together—rise to the level of extraordinary circumstances necessary to trigger Rule 60(b).

---

[1]  Plaintiff states that, "I did not get out until 11-22-2025." (Doc. No. 13 at 2.) The Court assumes the year provided to be a clerical error.

First, Plaintiff provides no evidence supporting his claims that the prison lost his legal work[2] nor does Plaintiff explain what that legal work consisted of. *See Sandoval v. Los Angeles Cnty. Sheriffs Dep't*, No. CV1105874DDPVBK, 2016 WL 7191535, at *2 (C.D. Cal. Dec. 12, 2016) (denying a motion for reconsideration where the plaintiff submitted a report of lost property as evidence but "the reports d[id] not support [the p]laintiff's contention that he lost relevant legal files").

Second, based on the limited information provide, the Court cannot find that Plaintiff's asserted learning disabilities constitute circumstances beyond his control that prevented him from meeting the Court ordered deadlines. *See Moralez v. Davis*, No. 20-07860 BLF (PR), 2024 WL 3090492, at *2 (N.D. Cal. June 20, 2024), *appeal dismissed*, No. 24-4552, 2024 WL 4626090 (9th Cir. Oct. 1, 2024) (denying a motion for reconsideration because *inter alia* the plaintiff did not "established that his long-existing learning disability was a 'circumstance beyond his control' that prevented him from" timely filing).

Finally, Plaintiff asserts that he missed the deadline to file a First Amended Complaint because he was in "the hole" or "SHU" from September 2024 through November 2024, and that at the time of filing the instant motion was "back in the hole due to similar reason[s] again and should be out in another period of time." (Doc. No. 13 at 2.) Plaintiff does not address why he was unable to file in the time prior to being placed in the special housing unit. Moreover, the fact that Plaintiff was able to file the instant motion while once again in the special housing unit undermines his assertion that it prevented him from timely filing a First Amended Complaint. *See Sanders v. Virga*, No. CV 10-0167 GAF JCG, 2010 WL 4916637, at *3 (C.D. Cal. Nov. 30, 2010) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents,

---

[2] *E.g.*, a copy of any grievance filed regrading lost property.

do not by themselves qualify as extraordinary circumstances.").

Because Plaintiff does not meet any of the six grounds for relief under Rule 60(b), the Court **DENIES** Plaintiff's motion for reconsideration.

## IV.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion (Doc. No. 13). The action remains dismissed, and the case closed.

**IT IS SO ORDERED**.

Dated:  April 7, 2025

Hon. Anthony J. Battaglia
United States District Judge